UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD SIMPSON,

               Plaintiff,                                      Hon. Janet T. Neff

v.                                                  Case No. 1:09-CV-698

PRISON HEALTH
SERVICES, INC., et al.,

               Defendants.

_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss. (Dkt. #17). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted in part and denied in part**.


## BACKGROUND

Plaintiff initiated this action on July 29, 2009, and shortly thereafter the Court granted Plaintiff's request to proceed as a pauper. Defendants now move to have Plaintiff's pauper status revoked and this matter dismissed. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is precluded from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Accordingly, the undersigned recommends that Plaintiff be ordered to pay the $350.00 civil action filing fee within twenty-eight (28) days of this Report and Recommendation, and that if Plaintiff fails to do so, his action be dismissed without prejudice. The undersigned further

recommends that even if this matter is dismissed, that Plaintiff be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).


## ANALYSIS

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir.1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts. In three of Plaintiff's previous lawsuits, the Court entered dismissals on the grounds that they were frivolous or failed to state a claim. *See Simpson v. Caruso et al.*, No. 1:09-cv-245 (W.D. Mich. Apr. 14, 2009); *Simpson v. Brown et al.*, No. 2:89-cv-72373 (E.D. Mich. June 7, 1990); *Simpson v. Flint Journal et al.*, No. 2:89-cv-73057 (E.D. Mich. Nov. 15, 1989). Although two of these dismissals were entered before enactment of the PLRA, such nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, Plaintiff previously was denied leave to proceed *in forma pauperis* in this Court because he has three strikes. *See Simpson v. Prison Health Servs., Inc. et al.*, No. 1:09-cv-824 (W.D. Mich. Sept. 28, 2009); *Simpson v. Correctional Medical Servs., Inc. et al*, No. 1:09-cv-926 (W.D. Mich. Sept. 10, 2009); *Simpson v. Correctional Medical Servs., Inc. et al.*, No. 1:09-cv-809 (W.D. Mich. Sept. 10, 2009).

Plaintiff advances several arguments in opposition to Defendants' motion. First, Plaintiff asserts that he qualifies for the imminent danger exception to 1915(g). Plaintiff also asserts that the dismissal of an action on the grounds that it is frivolous or fails to state a claim does not count as a "strike" until any appeal thereof has been pursued to completion. Finally, Plaintiff asserts that two of the strikes against him are not properly counted as strikes. None of these arguments has merit.

A.    Imminent Danger Exception

As previously noted, § 1915(g) permits a prisoner to proceed as a pauper, despite the fact that he has three or more strikes, if he "is under imminent danger of serious physical injury."  Plaintiff asserts that Defendants' failure to properly treat his right knee satisfies this exception.

Although Congress has not defined the phrase "serious physical injury," various courts have interpreted such.  In *Ibrahim v. District of Columbia*, 464 F.3d 3, 7 (D.C. Cir. 2006), the D.C. Circuit concluded that a "chronic disease that could result in serious harm or even death constitutes "serious physical injury.'"  *Id.*  Similarly, in *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004), the Eleventh Circuit found that HIV and Hepatitis C, both chronic and potentially fatal diseases, met the "serious physical injury" requirement.  Moreover, in *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), the Seventh Circuit recognized that "heart palpitations, chest pains, labored breathing, choking sensations, and paralysis in . . . legs and back" resulting from a denial of medication were serious physical injury.  *Id.*  The Eighth Circuit also has addressed the question, concluding that a spreading infection in the mouth that resulted from a lack of proper dental treatment amounted to a serious physical injury.  *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

As with "serious physical injury," Congress did not define "imminent danger" in the PLRA.  It did, however, choose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening."  BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near."  WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976).

"Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991). In a recent decision, the Sixth Circuit recognized the standard adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.*

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

Plaintiff asserts that Defendants' failure to properly treat his right knee has subjected him to "imminent danger of serious physical injury." The medical evidence submitted by Plaintiff reveals that he has received extensive treatment for his knee and that the condition of his knee falls short of the sort of conditions that threaten serious harm or death found in *Ibrahim*, *Brown*, *Ciarpaglini*, and *McAlphin*. Plaintiff has likewise failed to demonstrate that a worsening of his condition is imminent or likely. The essence of Plaintiff's complaint is simply that he disagrees with the medical treatment he has received. Such is insufficient to invoke the "imminent danger of serious physical injury" exception.

B.      Strikes on Appeal

Plaintiff next argues that one of the cases counted by the Court as a strike, *Simpson v. Caruso et al.*, No. 1:09-cv-245 (W.D. Mich. Apr. 14, 2009), is not properly counted as such because his appeal from the decision is presently pending before the Sixth Circuit. The Court rejects Plaintiff's argument. The plain language of the statute defines a strike as "an *action or appeal* in a court of the

United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915(g) (emphasis added). The legislature plainly contemplated that the dismissal of an action was itself a strike. Moreover, the statute does not provide an exception for a dismissal that has been appealed. Congress could have included such an exception, but elected not to do so. Moreover, a judgment of dismissal by a district court is final and should be given full effect, unless stayed upon appeal. FED. R. CIV. P. 62; *see also National Labor Rel. Bd. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir. 1987) (pendency of an appeal does not disturb finality of a judgment). Plaintiff has not obtained a stay of the dismissal.

Moreover, adopting Plaintiff's position would undermine the very purpose of the PLRA, by permitting a prisoner to continue filing new cases during the period (perhaps years) in which his last strike remained on appeal, even if that appeal was utterly frivolous. Indeed, Plaintiff provides the perfect example of why such an interpretation is at odds with both the language and the intent of the statute. Since dismissal of his third strike in April 2009, Plaintiff has been a litigation machine, filing at least eight additional cases in this Court as well as numerous cases in the Eastern District of Michigan. Failure to apply the rule to Plaintiff would seriously undermine the efficacy of the three-strikes rule. In any event, on January 8, 2009, the Sixth Circuit issued an order affirming the dismissal of the action in question. *See Simpson v. Caruso et al.*, No. 1:09-cv-245, dkt. #9-10 (W.D. Mich.).

C.     Alleged Inability to Challenge a Strike

Finally, Plaintiff asserts that two of his strikes should not be counted against him as he had been sent to a prison in Reno, Nevada and could not challenge the adverse ruling. Plaintiff's

argument is frivolous. Even if his representations are true, the cases, which were decided in 1989 and 1990, are long since final and cannot be collaterally attacked here.

For these reasons, the undersigned concludes that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion to Revoke Plaintiff's *In Forma Pauperis* Status and to Dismiss</u>, (dkt. #17), be **granted in part and denied in part**. Specifically, the undersigned recommends that Plaintiff's *in forma pauperis* status be revoked. The Court, however, rejects Defendants' argument that Plaintiff's case be immediately dismissed. Instead, the undersigned recommends that Plaintiff be ordered to pay the $350.00 civil action filing fee within twenty-eight (28) days of the date this Report and Recommendation is entered. The undersigned also recommends that if Plaintiff fails to do so, his action be dismissed without prejudice. The undersigned further recommends that even if this matter is dismissed, that Plaintiff be responsible for payment of the $350.00 filing fee. **Plaintiff is instructed that payment is to be submitted to the following address**:

Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 26, 2010

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge